UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YVONNE JETT,

      Plaintiff,

    v.

JOHN E. POTTER, Postmaster General, United States Postal Service,

      Defendant.
_____/

No. C 08-4290 PJH

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

      Pro se plaintiff Yvonne Jett ("plaintiff"), a former employee of the United States Postal Service, filed a complaint against defendant John E. Potter ("defendant"), Postmaster General of the United States Postal Service, alleging employment discrimination. She alleges disability discriminatory resulting in her termination.

      On January 12, 2009, plaintiff's complaint was dismissed for failure to exhaust her administrative remedies under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* ("Rehabilitation Act"). Specifically, plaintiff's complaint was dismissed because she neither alleged facts establishing that she contacted an EEO counselor within 45 days of her termination, as required under 29 C.F.R. § 1614.105(a)(1), nor alleged facts excusing compliance with the regulatory time limit, i.e., facts supporting waiver, equitable tolling or estoppel. Plaintiff's complaint was dismissed with leave to amend in order to afford her an opportunity to cure this deficiency.

      Plaintiff filed an amended complaint on January 27, 2009. The amended complaint, however, does not contain any factual allegations; rather, it merely consists of two documents: (1) a document identifying plaintiff's new social security benefit amount for

2009; and (2) a document from the California Department of Child Support Services representing monies collected on plaintiff's behalf on January 8, 2009.[1]  Because the amended complaint, even when construed liberally, neither alleges facts establishing that plaintiff complied with the regulatory time limit, nor facts supporting waiver, equitable tolling or estoppel, the court finds that plaintiff has failed to exhaust her administrative remedies, and thus is precluded from pursuing her claim in federal court.  See Cherosky v. Henderson, 330 F.3d 1243, 1245 (9th Cir. 2003) (In order to bring a claim under the Rehabilitation Act, a federal employee must exhaust available administrative remedies prior to filing a complaint, including contacting an EEO counselor within 45 days of the date of the alleged discriminatory act.).  Plaintiff's amended complaint is therefore dismissed. Because the amended complaint failed to allege facts sufficient to overcome the deficiency for which the original complaint was dismissed, it is dismissed with prejudice.  The Clerk shall enter judgment in favor of defendant and close the file.

**IT IS SO ORDERED.**

Dated: February 2, 2009

_____
PHYLLIS J. HAMILTON
United States District Court

---

[1] Although the amended complaint does not contain any factual allegations of the underlying facts supporting plaintiff's discrimination claim, because *pro se* complaints should be read liberally, the court construes the amended complaint to incorporate the allegations set forth in the original complaint.

2