United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YVONNE JETT,

        Plaintiff,

    v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

        Defendant.
_____/

No. C 08-4290 PJH

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

    Pro se plaintiff Yvonne Jett ("plaintiff") filed this action on September 11, 2008, alleging employment discrimination. Plaintiff also filed a request to proceed *in forma pauperis* ("IFP") and a request for appointment of counsel. On January 12, 2009, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(a) for failure to state a claim, as it contained no facts establishing exhaustion of plaintiff's administrative remedies under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. ("Rehabilitation Act"). Specifically, plaintiff's complaint was dismissed because she neither alleged facts establishing that she contacted an EEO counselor within 45 days of the date of the alleged discriminatory act, i.e., her termination, as required under 29 C.F.R. § 1614.105(a)(1), nor alleged facts excusing compliance with the regulatory time limit, i.e., facts supporting waiver, equitable tolling or estoppel. Plaintiff's complaint was dismissed with leave to amend in order to afford her an opportunity to cure this deficiency. The court also determined that appointment of counsel was not warranted, noting, however, that it would revisit the request if amendment cured the deficiency of the complaint.

    Plaintiff filed an amended complaint on January 27, 2009. On February 2, 2009, the amended complaint was dismissed for failure to state a claim, as it, again, contained no

1  facts establishing exhaustion of plaintiff's administrative remedies under the Rehabilitation
2  Act.  Because the amended complaint failed to allege facts sufficient to overcome the
3  deficiency for which the original complaint was dismissed, it was dismissed with prejudice,
4  and judgment was entered.

5       On February 17, 2009, plaintiff submitted a letter, accompanied with "additional
6  evidence," seeking relief from judgment.  The court interprets this as a motion for
7  reconsideration.  While the federal rules do not expressly allow for motions for
8  reconsideration, a motion for reconsideration of a judgment may be brought under either
9  Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or 60(b) (relief
10 from judgment).  Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993) (motion for
11 reconsideration of summary judgment is appropriately brought under either rule).

12      Under Rule 59(e), a motion for reconsideration should not be granted, absent highly
13 unusual circumstances, unless the district court is presented with newly discovered
14 evidence, committed clear error, or if there is an intervening change in the controlling law.
15 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Under Rule
16 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

22 Fed.R.Civ.P. 60(b).

23      The court finds that plaintiff has failed to demonstrate grounds for relief under either
24 Rule 59(e) or Rule 60(b).  Plaintiff offers no compelling justification for the relief sought.
25 Plaintiff has not established that the court committed clear error or that the decision was
26 manifestly unjust.  Nor does she assert that relief is warranted because of mistake,
27 inadvertence, surprise, or excusable neglect; point to newly-discovered evidence or any
28

intervening change in the law; claim any fraud or misrepresentation by defendant; assert that the judgment is void; argue that the judgment should have no prospective application; or raise any other reason justifying relief from the operation of the judgment.

Moreover, the court notes that the complaint and the amended complaint were both dismissed for failure to state a claim, as they failed to allege facts establishing exhaustion of plaintiff's administrative remedies under the Rehabilitation Act. The motion for reconsideration does nothing to correct this deficiency. The motion is therefore DENIED.

The court will not respond to any further motions with regard to this case.

**IT IS SO ORDERED.**

Date: February 27, 2009

_____
PHYLLIS J. HAMILTON
United States District Court