UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YVONNE JETT,

       Plaintiff,

    v.

JOHN E. POTTER,

       Defendant.

_____/

No. C 08-4290 PJH

**ORDER DENYING MOTION TO REOPEN CASE**

       The court is in receipt of a letter filed by plaintiff, dated December 21, 2009.  In the letter, plaintiff states that she is filing a motion to reopen her case "because [she] did not include a copy of [her] Video" in the underlying action, which was dismissed by this court on February 2, 2009, and which dismissal was summarily affirmed by the Ninth Circuit on September 16, 2009.  Plaintiff's letter argues that, based on the video she attaches to her letter, her disability discrimination claim remains meritorious.

       Plaintiff's letter is procedurally deficient in the first instance, as it is not a properly noticed motion as required by Civil Local Rule 7-1, nor does it cite any legal authority or rule pursuant to which plaintiff might seek to reopen the underlying action.  The letter is also untimely and moot, given the Ninth Circuit's recent opinion affirming the order dismissing the action on its merits.

       Even construing the letter liberally, it fails to set forth any substantive grounds that would justify the court's grant of plaintiff's request.  As this court stated in its prior order of dismissal, plaintiff's complaint was dismissed for failure to exhaust administrative remedies pursuant to 29 U.S.C. § 791 et seq.  Although the court initially granted plaintiff leave to amend the complaint in order to attempt to cure the deficiencies noted by the court, the

court ultimately dismissed plaintiff's amended complaint with prejudice, because plaintiff failed therein to either establish plaintiff's compliance with the foregoing exhaustion requirements, or in the alternative, to establish a valid justification for plaintiff's failure to comply. So here. For as with plaintiff's amended complaint, the instant letter fails to meaningfully address the exhaustion deficiencies upon which the original dismissal of her complaint was based, and subsequently affirmed.

For the foregoing reasons, and to the extent that plaintiff's December 21, 2009 letter can be construed to request that the court reopen the underlying action in order to reconsider the merits of that action, plaintiff's request is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge